| TANYA M. BURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1670 RLW |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 17). The motion is fully briefed and ready for disposition.

## I. Background

This case stems from the termination of Plaintiff's employment as a Human Resources Director for Defendant Charter Communications, Inc. ("Charter") in the Spectrum Reach Business Unit. (Compl. ¶¶ 5, 8, ECF No. 1) Plaintiff alleges that she submitted a leave request under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, to care for her cancer-stricken husband in the last weeks of his life. (*Id.* at ¶¶ 10-12) She submitted another FMLA leave request the following year after experiencing emotional difficulties. (*Id.* at ¶¶19-20) Plaintiff alleges that when she returned from leave, her supervisor was hostile toward Plaintiff. (*Id.* at ¶¶ 14-17, 21-22) Plaintiff complained about this treatment but alleges that Defendant did not investigate the retaliation complaint or take any corrective action. (*Id.* at ¶¶ 23-24) On January 13, 2016, Defendant terminated Plaintiff's employment, citing an investigation into complaints lodged against Plaintiff by her staff. (*Id.* at ¶ 25) Plaintiff asserts that she was never advised about performance problems or any investigation. (*Id.* at ¶ 27) She

also claims that men in senior positions received complaints from co-workers, but Defendant took no corrective action, nor did it terminate their employment. (*Id.* at ¶¶ 29-32)

On October 26, 2016, Plaintiff filed a Complaint alleging discrimination and retaliation under the FMLA; discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq.* On July 10, 2017, Plaintiff filed a motion to compel Defendant's complete responses to Plaintiff's First Request for Production of Documents numbers 3, 7 through 9, 12 through 15, and 18, as well as answers to Interrogatory number 8. (ECF No. 17) Defendant opposes the motion, arguing that it has already produced a significant amount of documentation which disproves Plaintiff's claims and legal theories. In addition, Defendant contends that the remaining portions of the requested materials are irrelevant and undiscoverable.

## II. Legal Standard

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

2

### III. Discussion

### A. Personnel File of Lisa Rice

Plaintiff seeks the personnel file for Plaintiff's supervisor, Lisa Rice. Specifically, Request for Production number 9 asks Defendant to "produce the following documents relating to Ms. Rice for the time period January 1, 2012 to January 1, 2017: complaints, emails or notes discussing those complaints, performance reviews, any investigation file documents, incident investigation reports, ethics points summaries, and investigation summary reports." (ECF No. 18) Defendant asserts that it has provided Plaintiff with eight pages of complaints and ethics points summaries, which represents the entirety of the relevant, non-privileged documents. Defendant contends that any documents pertaining to Ms. Rice's work performance, salary information, and other, private information in her file is not relevant to the present lawsuit. However, Plaintiff maintains that she is only seeking complaints regarding Ms. Rice in the form of emails or notes, or any performance reviews regarding Ms. Rice. Plaintiff claims that her request does not include salary information or other private information.

The Court finds that information regarding complaints, performance reviews, or investigations of Ms. Rice is relevant to Plaintiff's claim because Ms. Rice supervised Plaintiff and recommended Plaintiff's termination.[1] *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 69 (E.D. Mo. 1995) (finding that information contained in the personnel file of plaintiff's supervisor "may be relevant to [p]laintiff's claim and is reasonably calculated to lead to the discovery of admissible evidence" in employment discrimination case); *see also Moss v. Blue*

---

[1] In an addendum to her reply brief, Plaintiff clarifies that she has received notes and an email chain regarding a conversation between HR Vice President Colleen Judson and Plaintiff. Plaintiff reported to Ms. Judson that Ms. Rice harassed Plaintiff in connection with her FMLA leaves. Plaintiff seeks additional documentation regarding Ms. Rice's alleged harassment. (ECF No. 23)

*Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) (finding personnel files of those plaintiff alleged were involved in the decision to terminate plaintiff's employment in an FMLA retaliation suit were relevant and discoverable). Thus, the Court will order Defendant to produce documents responsive to Plaintiff's request for production, including all complaints, emails or notes pertaining to those complaints, and performance evaluations pertaining to Ms. Rice. The Court notes that it previously entered a Consent Protective Order which should eliminate any privacy concerns. *Lyoch*, 164 F.R.D. at 69.

## B. Personnel Files of Alleged Comparators

Plaintiff also requests production of documents related to Stuart Hopfensburger, Dean Mutter, Chuck Wise, and Tony Farmer (collectively "Employees"). Plaintiff contends that these male Employees are comparators because they were employed in the Spectrum Reach Business Unit at a similar level as Plaintiff and that some experienced family and/or health problems and received complaints from co-workers. Plaintiff asserts that these male Employees were not disciplined or terminated. Plaintiff seeks "complaints, incident investigation reports, ethics point summaries, investigation summaries reports, performance reviews, corrective professional counseling or discipline, or communications about such complaints."

Rather than argue that the requested documents are or are not discoverable under the factors set forth in Rule 26(b)(1), the parties present facts and argument pertaining to whether the Employees are similarly situated to Plaintiff. Defendant contends that they are not similarly situated, thus any information regarding these individuals is not relevant. Plaintiff, on the other hand, argues that these "comparators" are similarly situated. Absent from both briefs, however, is a discussion of how the requested information falls, or does not fall, within the requirements of Rule 26(b)(1). For instance, in its response to Plaintiff's Requests for Production in numbers 12

through 15 related to the Employees, Defendant contends that the requests are covered by attorney-client privilege and/or work product doctrine and are overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant or reasonably calculated to lead to the discovery of admissible evidence. (Pl.'s Mot. to Compel Ex. 1 pp. 6-7, ECF No. 17-1) However, these arguments are not fully developed in Defendant's opposition memorandum. Further, the case upon which Plaintiff relies to support her claim that the Employees' personnel files are discoverable does not specifically address whether "complaints, incident investigation reports, ethics point summaries, investigation summaries reports, performance reviews, corrective professional counseling or discipline, or communications about such complaints" are discoverable under Rule 26(b)(1). *See Lyoch*, 164 F.R.D. at 66-7 (addressing the discoverability of information regarding the hiring and promoting of similarly situated employees).

Alternatively, the parties have failed to submit any case law in support of the proposition that a motion to compel is the proper means for the Court to determine whether certain co-workers are similarly situated in a discrimination claim. Instead, the case law presented in both parties' memoranda addresses whether employees are similarly situated at either the motion for summary judgment or the trial stage. *See, e.g., Jain v. CVS Pharm., Inc.*, 779 F.3d 753 (8th Cir. 2015) (affirming the district court's grant of summary judgment, finding that plaintiff and a co-worker were not similarly situated under the MHRA with regard to performance issues); *Clark v. Runyon*, 218 F.3d 915 (8th Cir. 2000) (affirming the district court's grant of judgment as a matter of law finding, *inter alia*, that plaintiff failed to demonstrate that individuals were similarly situated after a bench trial); *McGee v. Schreiber Foods, Inc.*, 502 S.W.3d 658 (Mo. Ct. App. 2016) (finding that evidence presented during trial supported a finding that comparators were similarly situated to former employee). Therefore, the Court will deny the motion without

prejudice. Further, the Court will instruct the Plaintiff to refile the motion and the parties to file memoranda addressing the discoverability of the documents requested in Plaintiff's Requests for Production numbers 12 through 15 in accordance with Rule 26(b)(1).

## C. Factual Basis of Affirmative Defenses

Next, Plaintiff seeks to compel the factual basis for each of Defendant's affirmative defenses, as requested in Interrogatory number 8. Defendant contends that it sufficiently provided the requested information in its supplemental answers. Plaintiff disagrees, arguing that Defendant's supplemental responses are vague and incomplete. Specifically, Defendant objects to the interrogatory as premature, as discovery is in its infancy. Defendant also separated the interrogatory into 13 separate interrogatories and now argues the number of interrogatories exceeds the federal limit.

The Court notes the case relied upon by Defendant, *Nguyen v. Lowe's Home Ctrs., LLC*, No. :15/cv1085 H NLS, 2015 WL 12672153 (S.D. Cal. Nov. 19, 2015), actually supports Plaintiff's position with respect to providing facts which form the basis of Defendant's affirmative defenses. In *Nguyen*, the court granted the plaintiff's motion to compel further responses to the interrogatory requesting additional facts related to defendant's affirmative defenses. *Id.* at *2. The court found that a party must answer interrogatories regardless of whether discovery is still continuing. *Id.* (citation omitted). The *Nguyen* court noted, "[a] party may not simply delay answering interrogatories until shortly before trial when all the facts are known and theories finalized." *Id.* (citation omitted). Thus, the court ordered the defendant to provide responsive information pertaining to its affirmative defenses and to supplement those responses should it obtain further information. *Id.*

The Court agrees with the *Nguyen* court's decision that a defendant must answer interrogatories regarding affirmative defenses and supplement those answers as discovery proceeds. However, specific to the present case, the Court disagrees with the *Nguyen* court's finding that the interrogatory should be separated into discrete inquiries to be included in the federal numerical limit of 25 interrogatories. *Id.* at \*\*3-5. Absent any authority from the Eighth Circuit or this district to the contrary, the Court declines to now limit those interrogatories, as aside from Interrogatory number 8, the interrogatories have already been asked and answered. Thus, the Court will grant Plaintiff's motion to compel answers to Interrogatory number 8.

## D. Organizational Charts and ESI Production

Finally, Plaintiff seeks organizational charts requested in her Request for Production number 18 and ESI production requested in Plaintiff's Requests for Production numbers 3, 7, and 8. Defendant asserts that it has fully complied with both requests. Plaintiff does not further respond in her reply brief, and the Court will deny these requests as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 17) is **GRANTED** in part and **DENIED** in part consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Request for Production number 9 is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Requests for Production numbers 12 through 15 are **DENIED** without prejudice, subject to refiling the motion with appropriate memoranda.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel answers to Interrogatory number 8 is **GRANTED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel Requests for Production

numbers 3, 7, 8, and 18 are **DENIED** as **MOOT**.

Dated this 5th day of September, 2017.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**