UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TANYA M. BURT, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1670 RLW |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion to Compel (ECF No. 26). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will grant Plaintiff's motion.

## I. Background

This case stems from the termination of Plaintiff's employment as a Human Resources Director for Defendant Charter Communications, Inc. ("Charter") in the Spectrum Reach Business Unit. (Compl. ¶¶ 5, 8, ECF No. 1) Plaintiff alleges that she submitted a leave request under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, to care for her cancer-stricken husband in the last weeks of his life. (*Id.* at ¶¶ 10-12) She submitted another FMLA leave request the following year after experiencing emotional difficulties. (*Id.* at ¶¶19-20) Plaintiff alleges that when she returned from leave, her supervisor was hostile toward Plaintiff. (*Id.* at ¶¶ 14-17, 21-22) Plaintiff complained about this treatment but claims that Defendant did not investigate the retaliation complaint or take any corrective action. (*Id.* at ¶¶ 23-24) On January 13, 2016, Defendant terminated Plaintiff's employment, citing an investigation into complaints lodged against Plaintiff by her staff. (*Id.* at ¶ 25) Plaintiff asserts

that she was never advised about performance problems or any investigation. (*Id.* at ¶ 27) She also claims that men in senior positions received complaints from co-workers, but Defendant took no corrective action, nor did it terminate their employment. (*Id.* at ¶¶ 29-32)

On October 26, 2016, Plaintiff filed a Complaint alleging discrimination and retaliation under the FMLA; discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq*. Plaintiff filed her initial motion to compel on July 10, 2017, which the Court granted in part and denied in part. (ECF Nos. 17, 24) Plaintiff then renewed her motion to compel responses to Requests for Production Numbers 12 through 15 pertaining to, *inter alia*, complaints, investigations, and performance reviews of four male co-workers. (ECF No. 26) Defendant opposes the motion, arguing that the male employees are dissimilar and thus not discoverable.

## **II. Legal Standard**

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

2

## III. Discussion

In this present case, Plaintiff seeks production of documents pertaining to four male colleagues that she alleges are similarly situated in that they also held high-ranking positions with Defendant's company and were the subject of similar complaints from their staffs, but they were neither disciplined nor terminated from employment. Defendant argues that the information is not discoverable because the male employees were subject to a different decision-maker and engaged in different conduct; therefore they are not similarly situated for purposes of Plaintiff's sex discrimination claim. Defendant contends that a determination of whether certain employees are similarly situated in employment discrimination cases is proper at the discovery stage of litigation. In support, Defendant cites cases from the Eighth Circuit limiting discovery where the plaintiff sought company-wide discovery. *See, e.g., Semple v. Federal Express Corp.*, 566 F.3d 788, 794 (8th Cir. 2009) (limiting plaintiff's request for nationwide discovery to the branch where plaintiff worked); *Quinonez-Castellanos v. Performance Contractors, Inc.*, No. 16-cv-4097-LTS, 2017 WL 3430511, at *4 (N.D. Iowa Aug. 9, 2017) (finding company-wide discovery was not warranted absent a particularized argument that the review of plaintiff's termination by corporate human resources personnel evidenced a corporate policy of discrimination or retaliatory conduct).

Here, Plaintiff does not seek company-wide discovery but information related to four male comparators that Plaintiff alleges were similarly situated in that they also worked as high-ranking officials in the same business unit, yet they received unequal treatment. Contrary to Defendant's position, the aforementioned cases did not engage in the rigorous analysis of whether specific employees are similarly situated at the discovery stage that Defendant now asks

3

this Court to undertake. Thus, the Court declines to perform such analysis at this stage of the litigation.

Defendant also claims that Plaintiff is unable to make a threshold showing of relevance with regard to the four individuals. Upon thorough review of the motion and related pleadings, the Court finds that Plaintiff has demonstrated the requisite relevance in that she alleges the male executives also held high-ranking positions in the same business unit, received complaints from staff, yet were not disciplined or fired from their positions. Additionally, the Court finds the document requests are proportional to the needs of the case, as Plaintiff claims that these four male individuals were similarly situated yet were treated differently from Plaintiff, a female. The rules of discovery "generally promote a 'broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial.'" *Clayton Corp. v. Altachem NV*, No. 4:12-cv-01349-AGF, 2015 WL 2412178, at *2 (E.D. Mo. May 20, 2015) (quoting *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012)). Further, "[w]hether a comparator is similarly situated is 'usually a question for the fact-finder . . . .'" *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012) (quoting *Srail v. Village of Lisle*, 588 F.3d 940, 945 (7th Cir. 2009)); *see also McGhee v. Schreiber Foods, Inc.*, 502 S.W.3d 658, 668 (Mo. Ct. App. 2016) (same). Plaintiff is entitled to explore facts related to whether her comparators are similarly situated.

The Court notes that privacy concerns exist regarding the production of personnel files. However, the Court also notes that it previously entered a Consent Protective Order which should eliminate any privacy concerns. *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 69 (E.D. Mo. 1995). Therefore, the Court will grant Plaintiff's motion to compel and order

Defendant to produce the documents requested in Plaintiff's Requests for Production Numbers 12 through 15.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion to Compel (ECF No. 26) is **GRANTED** consistent with this Memorandum and Order.

Dated this 15th day of December, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**