## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TANYA M. BURT, )
                    )
     Plaintiff, )
                    )
v. )    No. 4:16CV1670 RLW
                    )
CHARTER COMMUNICATIONS, INC., )
                    )
     Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Quash Amended Subpoena to Dr. Daniel Kramer (ECF No. 78) and Defendant's Motion to Compel Production of Plaintiff's Medical Records (ECF No. 80). The motions are fully briefed and ready for disposition.

This case stems from the termination of Plaintiff's employment as a Human Resources Director for Defendant Charter Communications, Inc. ("Charter") in the Spectrum Reach Business Unit. On March 28, 2018, Plaintiff filed her First Amended Complaint alleging discrimination and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*; discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq.*

On March 23, 2018, Plaintiff filed a motion to quash a subpoena issued to Dr. Daniel Kramer because her First Amended Complaint withdrew her claims for emotional distress damages under the ADA and MHRA. The subpoena directed Dr. Kramer to testify at a deposition regarding Plaintiff's medical treatment. Plaintiff also claims that communications with Dr. Kramer regarding mental health issues are protected by privilege. Defendant responds that it seeks unprivileged fact testimony from Dr. Kramer regarding Plaintiff's medical treatment

leading to her FMLA leave. Defendant also asserts that Plaintiff has waived any privilege because she placed her mental health and ability to work at issue in this case. In addition, Defendant has filed a motion to compel Plaintiff's medical records.

Upon review of the motions and related memoranda, the Court finds that Plaintiff's medical records are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiff's medical history is clearly at issue in her claims that Defendant discriminated against her for taking *medical* leave under the FLMA and on the basis of her *medical* condition under the ADA. *See Lutzeier v. Citigroup Inc.,* No. 4:14CV183 RLW, 2015 WL 1853820, at *2 (E.D. Mo. Apr. 22, 2015) (finding medical information could shed light on plaintiff's ability to work); *Hemminghaus v. Missouri*, No. 4:11CV736 CDP, 2012 WL 2154522, at *5 (E.D. Mo. June 13, 2012) (ordering plaintiff to execute medical releases from doctors with whom plaintiff met during the relevant time period pertaining to medical leave in FMLA case); *Calder v. TCI Cablevision of Missouri, Inc.,* No. 4:99-CV-01005(CEJ), 2001 WL 991459, at *1 (E.D. Mo. July 21, 2001) (finding plaintiff's medical history relevant where her cause of action was based in part on the ADA).

Further, while Plaintiff claims that her medical records are protected by the federal psychotherapist-patient privilege, the Court agrees with Defendant that Plaintiff's medical records with her primary care physician are not privileged. The Supreme Court has held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The Supreme Court also extended this federal privilege to "confidential communications made to licensed social workers in the course of psychotherapy." *Id.* However, in the instant case, Dr. Kramer is Plaintiff's primary care physician, not a psychotherapist. While Missouri law recognizes the physician-patient privilege, Plaintiffs' claims arise primarily

2

from federal law under the FMLA and the ADA. As such, federal law applies, and this Court is not required to recognize state law privileges. *Evantigroup, LLC v. Mangia Mobile, LLC*, No. 4:11-CV-1328 CEJ, 2013 WL 141605, at *1 (E.D. Mo. Jan. 11, 2013) ("[I]n a fundamentally federal proceeding, the court may not recognize a state-created privilege."). In addition, to the extent that Dr. Kramer treated Plaintiff specifically for mental health reasons, "the facts regarding the occurrence of psychotherapy, such as the identities of the providers or the dates of treatment, are not privileged and thus are subject to disclosure." *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 3015163, at *5 (E.D. Mo. May 26, 2016).

Finally, the Court finds that Plaintiff has waived the psychotherapist-patient privilege. Plaintiff states in her complaint that she experienced emotional difficulties and felt like she was falling apart, for which her doctor placed her on FMLA leave. (First Am. Compl. ["FAC"] ¶ 19, ECF No. 84) Further, this medical condition forms the basis of Plaintiff's ADA claim. (*Id.* at ¶ 36) "[W]hen a party puts [her] mental state in issue through some action of [her] own designed to advance [her] interests in the case (such as by claiming a disability involving [her] mental state, by basing [her] claim upon the psychotherapist's communications with [her], or selectively disclosing part of a privileged communication) that the privilege is waived." *Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 986 (N.D. Ill. 2010) (citation omitted); *see also Langenfeld v. Armstrong World Indus., Inc.,* 299 F.R.D. 547, 553 (S.D. Ohio 2014) (finding plaintiff waived psychotherapist-patient privilege where she alleged a specific mental disorder in her FMLA claim).

Therefore, the Court finds that Defendant is entitled to responses to Requests for Production Numbers 20 and 22, including the execution of medical release forms. The Court is mindful that "[t]he psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional

problem" and that rejection of this privilege could have a chilling effect on confidential conversations between psychotherapists and their patients. *Jaffe*, 518 U.S. at 11-12. However, specific to the facts of this case, Plaintiff's medical records, including mental health treatment during the applicable time, are central to her claims that Defendant terminated her employment based on unlawful discrimination for exercising her FMLA rights and based on her disability under the ADA. The Court also notes that any confidentiality concerns should be eliminated by the Consent Protective Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Amended Subpoena to Dr. Daniel Kramer (ECF No. 78) is **DENIED.**

**IT IS FURTHER** ORDERED that Defendant's Motion to Compel Production of Plaintiff's Medical Records (ECF No. 80) is **GRANTED**.

**IT IS FINALLY ORDERED** that the parties' Consent Motion for Extension of Deadlines (ECF No. 94) is **GRANTED** as follows: The parties shall complete discovery no later than **May 2, 2018**. Dispositive motions shall be filed no later than **May 14, 2018**. Opposition briefs shall be filed no later than **June 13, 2018**, and any reply brief(s) may be filed no later than **June 27, 2018**.

Dated this 19th day of April, 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**